IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EFREM STUTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:16-cv-08160-LSC |
| | ) | (2:93-cr-00152-LSC-SGC-11) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

This is a *pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255 by Petitioner Efrem Stutson ("Stutson") on November 28, 2016. (Doc. 1.) Respondent, the United States, opposes this motion. (Doc. 5.) For the following reasons, the motion is due to be denied.

I. **Background**

In June 1994, Stutson was convicted by a jury under 21 U.S.C. § 846 for his part in a wide-ranging conspiracy to possess and distribute large quantities of drugs in the Northern District of Alabama and elsewhere. The Government filed an information, pursuant to 21 U.S.C. § 851, alleging Stutson had previously incurred three drug convictions—convictions he expressly admitted to at his sentencing.

1

These included a 1988 conviction for cocaine possession in San Bernardino, California Superior Court, a 1989 conviction for the sale of a controlled substance in Pomona Judicial District Superior Court, and a 1992 conviction for possession of cocaine in the San Bernardino, California Superior Court. At the time Stutson was sentenced by this Court, all three convictions were for offenses classified as felonies under California law. After attributing Stutson with 16 kilograms of powder cocaine, this Court applied the prior drug convictions, in accordance with 21 U.S.C. § 841(b)(1)(A), and sentenced him to a mandatory term of Life imprisonment.

Stutson filed an appeal that was unsuccessful. Since then, he has pursued a number of post-conviction actions, including two habeas motions filed under § 2255, both of which were denied. *See* 2:01-cv-8005-LSC-PWG and 2:07-cv-8001-LSC-PWG.

In November 2014, California enacted Proposition 47, known as the "Safe Neighborhoods and Schools Act." Cal. Penal Code § 1170.18 (codifying Proposition 47). Among other things, Proposition 47 reduces future convictions for certain low-level drug offenses (i.e., possession) from felony to misdemeanor. Proposition 47 also permits previously-convicted defendants to petition the court

for a "recall of sentence," which, if granted, effectively reclassifies their qualifying felonies as misdemeanors.

Pursuant to Proposition 47, Stutson petitioned a California state court for a reclassification of his two prior felony drug convictions for cocaine possession. Stutson's petitions were granted in March and September 2016, and, accordingly, the convictions were reduced to misdemeanors.

Stutson now contends in the instant § 2255 motion that because two of his prior felony drug convictions are no longer countable under 21 U.S.C. § 841(a)(1)(A), his Life sentence is illegal, and he is due to be re-sentenced without application of the 21 U.S.C. § 851 enhancements.

## II. Discussion

### A. This Court Lacks Jurisdiction to Consider the Motion

This is Stutson's third numerically-filed § 2255 motion. The United States acknowledges that ordinarily this would mean that this Court would lack jurisdiction to consider it because it is "second or successive" and Stutson has not sought or received permission from the Eleventh Circuit Court of Appeals to file it. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— (1) newly discovered evidence that, if proven and viewed in light of the evidence as

a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this Section is filed in the District Court, the applicant shall move in the appropriate Court of Appeals for an Order authorizing the District Court to consider the application."); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

However, relying upon *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), the United States's position is that Stutson's failure to seek the requisite permission is not fatal to his claim because the basis for his claim did not exist before the reclassification of his two prior California felonies through operation of Proposition 47 and well after his first and second § 2255 motions had been filed and dismissed.

In *Stewart*, the Eleventh Circuit held that there are limited circumstances in which a numerically-second § 2255 motion may not be "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 646 F.3d at 857; *see also Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (explaining that

the phrase "second or successive," as used in AEDPA, is a term of art); *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007) ("The phrase 'second or successive' is not self-defining. It takes its full meaning from our case law, including decisions predating the enactment of the [AEDPA."). The *Stewart* prisoner, convicted of distributing more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2, had filed his first § 2255 motion, and had then successfully challenged the state convictions that were predicate convictions for his career offender sentence. 646 F.3d at 857–58. One month after his state convictions were vacated, he filed a second-in-time § 2255 motion, and requested vacatur of the career offender enhancement pursuant to *Johnson v. United States*, 544 U.S. 295 (2005). *Id.* at 858. In *Johnson*, the Supreme Court addressed the fourth paragraph of 28 U.S.C. § 2255(f)(4), which states: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The *Johnson* Court held that a state court vacatur is a matter of "fact" that refreshes the one-year AEDPA statute of limitations period, as long as the petitioner has shown due diligence in seeking the vacatur order. 544 U.S. at 302. The district court in *Stewart* had dismissed the prisoner's second-in-time § 2255

motion as successive, but the Eleventh Circuit reversed, explaining that the basis for the second-in-time § 2255 motion—vacatur of the predicate state convictions—did not exist at the time of the prisoner's first § 2255 motion, and thus the numerically second motion was not "second or successive" within the meaning of AEDPA. 646 F.3d at 863–65. The court also said that the prisoner had acted diligently in pursuing the vacatur and in bringing a subsequent § 2255 motion raising a claim, under *Johnson*, that the statute of limitations for bringing his claim had been refreshed. *Id.* at 863–64.

In reaching the conclusion that the *Stewart* prisoner's motion was not "second or successive," the Eleventh Circuit discussed with approval the Fifth Circuit's decision in *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009), where that court held that a prisoner's second habeas petition, based upon a 2005 declaration by President George W. Bush to enforce an order of the International Court of Justice, was not "second or successive." According to *Leal Garcia*, the prisoner's second motion to vacate was not "second or successive" because the defect complained of did not even come into existence until the state of Texas decided it would not respect the President's 2005 directive to comply with the International Court of Justice's order. 573 F.3d at 223–24.

*Stewart* and *Leal Garcia*, however, emphasized the distinction between claims based on a factual predicate that was "merely undiscoverable" and claims based on a defect that was altogether nonexistent. *Stewart*, 646 F.3d at 863; *Leal Garcia*, 573 F.3d at 222. In explaining why the *Stewart* prisoner could bring his second motion to vacate without it being considered "second or successive," the Eleventh Circuit said:

> "[C]laims based on a factual predicate not previously discoverable are successive," but "[i]f . . . the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive." *Leal Garcia*, 573 F.3d at 221, 222. We are not faced with a claim based on facts that were merely undiscoverable. Rather, Stewart has presented a claim, the basis for which did not exist before the vacatur of his predicate state convictions—after his first § 2255 motion had already been filed and dismissed.

*Stewart*, 646 F.3d at 863.

The Eleventh Circuit later applied the *Stewart* holding in *Boyd v. United States*, 754 F.3d 1298 (11th Cir. 2014). In *Boyd*, the petitioner, whose sentence was enhanced pursuant to 21 U.S.C. § 851 based on two prior state convictions, filed an initial § 2255 motion in which he did not argue the validity of those state convictions. *Id.* at 1300. His convictions were later vacated, and the petitioner requested to be resentenced in his second and third § 2255 motions, which were dismissed as successive. *Id.* After his fourth § 2255 motion, in which he raised the

same claim, was also dismissed as successive, the court held that, under *Stewart*, the petitioner's initial § 2255 motion did not render his fourth § 2255 motion successive because the grounds for the fourth § 2255 motion—the vacatur of his state conviction—did not exist at the time of the initial § 2255 motion. *Id.* at 1300–02.

Even though both parties agree that Stutson's situation is similar enough to the facts of *Stewart* and *Boyd* that it is fair to conclude that Stutson's third § 2255 motion is not successive, and thus considerable on its merits by this Court, the Court is hesitant to extend *Stewart*'s holding to the facts under consideration here.

As an initial matter, the jurisdiction of this Court cannot be established through waiver. *See In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) ("The bar on second or successive motions is jurisdictional . . ."); *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) ("Subject-matter jurisdiction can never be waived or forfeited.").

Additionally, the *Stewart* and *Boyd* petitioners' prior felonies were vacated, and not merely reclassified as misdemeanors, as were Stutson's. This factual difference is important because both the *Stewart* and *Boyd* petitioners were able to utilize the Supreme Court's holding in *Johnson* that "a defendant given a sentence enhanced for a prior conviction is *entitled* to a reduction if the earlier conviction is vacated." 544 U.S. at 303 (emphasis added); *see also Stewart*, 646 F.3d at 859, 864–

65 ("The vacatur order gives a defendant . . . the basis to challenge an enhanced federal sentence . . . ."). In other words, the *Stewart* and *Boyd* petitioners' § 2255 motions were more likely to be meritorious because of *Johnson*, a fact that may have influenced the Eleventh Circuit in its decision that the "gatekeeping" provision of § 2255(h) did not apply in those cases.

In contrast here, there is no corresponding authority that Stutson may avail himself of stating that reclassification of a prior felony necessarily entitles a prisoner to a sentence reduction on collateral review. In fact, and as explained in the next section addressing the merits of Stutson's claim, Stutson's argument has been squarely rejected by the Ninth Circuit. *See United States v. Diaz*, 838 F.3d 968, 972 (9th Cir. 2016) ("California's actions [in enacting Proposition 47]—taken long after [the defendant's] state conviction became 'final'—have no bearing on whether § 841's requirements are satisfied.").

Further, the Eleventh Circuit, sitting *en banc*, refused to extend *Stewart* to allow a petitioner to file an otherwise successive petition in order to argue that his classification as a career offender under the U.S. Sentencing Guidelines was erroneous because his prior conviction for felony child abuse can no longer be considered a "crime of violence" after *Begay v. United States*, 553 U.S. 137 (2008).

*See Spencer v. United States*, 773 F.3d 1132, 1143 (11th Cir. 2014) (en banc). The court reasoned:

> Spencer's prior conviction has not been vacated [as it was in *Johnson* and *Stewart*], and that distinction matters. When a conviction is vacated, that vacatur constitutes a "new 'fact'" with which the petitioner can challenge his sentence. *Stewart*, 646 F.3d at 858. But here, Spencer argues no new factual basis for reversing his sentence. He presents instead an argument of legal innocence. Even if we were to agree with Spencer that he is "innocent" as a career offender, that legal innocence falls far short of factual innocence, the kind of innocence involved in *Johnson* and *Stewart*. *See McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011) ("[A]ctual innocence means factual innocence, not mere legal insufficiency." (internal quotation marks omitted)). If we were to conclude that felony child abuse was not a "crime of violence," that legal conclusion would not negate the fact that Spencer committed a serious crime. The sentencing judge would consider his prior conviction for felony child abuse anew during resentencing. *Johnson* and *Stewart* cannot stand for the proposition that a prisoner sentenced under advisory guidelines whose prior convictions remain valid can establish that an error in sentencing is a complete miscarriage of justice.

*Id*. As in *Spencer*, and as explained further in the next section, Stutson's claim that his prior felonies are no longer countable for purposes of his enhanced sentence is more akin to one of legal innocence than factual innocence. *See Diaz*, 838 F.3d at 975 (observing that "Proposition 47 does not change the historical fact that [the defendant] violated § 841 'after two or more prior convictions for a felony drug offense [had] become final'") (quoting 21 U.S.C. § 841(b)(a)(A))).

In sum, it appears that whether the AEDPA's ban on successive petitions without prior authorization may be lifted in any particular case is a fact-specific inquiry. The facts at issue here differ from those in *Stewart* and *Boyd* because the event making Stutson's third § 2255 motion "ripe" is the reclassification of his prior felonies, not their complete vacatur. Nor is Stutson's case similar to the facts of the cases relied upon by the Eleventh Circuit for the proposition that the successive petition ban is not always a bright-line rule. *See, e.g., Pannetti*, 551 U.S. at 945 (carving out an exception to the ban on successive petitions for prisoners raising a claim of incompetency to be executed pursuant to *Ford v. Wainwright*, 477 U.S. 399 (1986), and describing the case's "unusual posture"). It is a close question, but in the absence of Eleventh Circuit precedent on point,[1] the Court is of the opinion that in the absence of an authorizing order from the Eleventh Circuit, this Court lacks jurisdiction to consider Stutson's claim.

---

[1] The Court's independent research has revealed that other federal district courts have proceeded differently when faced with this issue. *Compare Damper v. United States*, 2017 WL 3025973 (S.D. Miss. Feb. 22, 2017) (ruling that it was without jurisdiction to consider petitioner's successive § 2255 motion premised on a Proposition 47 claim) *with United States v. Ogburn*, 2017 WL 1067750, at *1 (D. Mont. March 21, 2017) (applying *Stewart* to hold that a prisoner's § 2255 motion based upon the reclassification of his prior felony convictions under Proposition 47 is not a second or successive petition because it presents a ground that was not ripe during the first habeas petition); *McFarland v. United States*, 2016 WL 6600071 (Nov. 8, 2016) (applying *Pannetti* to hold that because California's Proposition 47 was not effective until November 5, 2014, the petitioner's § 2255 motion was not ripe at the time he filed his previous § 2255 motion and § 2255(h)'s requirement does not apply).

However, in an abundance of caution and in the event the Eleventh Circuit were to determine that this Court should have, in fact, considered the merits of Stutson's claim, the Court will now explain why Stutson's claim fails on its merits.[2]

B.  **Stutson is Not Entitled to Relief on the Merits**

Stutson moves this Court to declare his current Life sentence illegal, following the California court's determination that the prior convictions used to enhance his federal sentence are now deemed misdemeanors.

As noted, the Ninth Circuit has recently squarely rejected Stutson's argument. *Diaz* involved a federal drug conspiracy, as in this case, and the Ninth Circuit held that California's Proposition 47 does not undermine a prior conviction's felony status for purposes of 21 U.S.C. § 841. 838 F.3d at 972. The court stated that federal law, not state law, governs the interpretation of federal statutes, and described § 841 as a "backward-looking" statute, which requires "only that a defendant have committed his federal crime 'after two or more prior convictions for a felony drug offense have become final.'" *Id.* (quoting 21 U.S.C. § 841(b)(1)(A)). Thus, the court concluded, a state's subsequent change to a state conviction, after it becomes final, "'does not alter the historical fact of the [prior

---

[2] Assuming Stutson's claim is properly before this Court, it is also timely. *See* 28 U.S.C. § 255(f)(4) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

state] conviction' becoming final—which is what § 841 requires." *Id.* (quoting *United States v. Dyke*, 718 F.3d 1282, 1292 (10th Cir. 2013)). Accordingly, the defendant in *Diaz*, who was sentenced to Life under § 841(b)(1)(A) and whose prior conviction was later reclassified in the same manner as Stutson's, was entitled to no relief.

The Eighth Circuit has also rejected a similar argument made by a § 2255 petitioner that he no longer qualified as a career offender after a Minnesota state court granted his motion for early discharge from probation on two prior state law felonies, the effect of which changed his felony convictions to misdemeanors under Minnesota law. *See Hirman v. United States*, 613 F.3d 773, 775 (8th Cir. 2010). The Eighth Circuit distinguished the situation before it—involving state felony convictions that were deemed to be misdemeanors by the Minnesota court—from cases in which a defendant may successfully attack a federal sentence if that sentence was enhanced based on a prior state conviction which is later *vacated*. *Id.* (citing *Johnson*, 544 U.S. at 302–03). Also engaging in a backward-looking analysis, the Eighth Circuit stated, "The fact remains that [the defendant] was convicted of crimes that were 'punishable by . . . imprisonment for a term exceeding one year,' U.S.S.G. § 4B1.2, comment (n.1), thereby exposing him to an enhanced sentence."

*Id*. at 776. The state court's action changing the prior convictions to misdemeanors under Minnesota law did "nothing to alter this analysis." *Id.*

Even if the Court were to reject the decision in *Diaz* and find that Stutson's sentence is no longer supported by two convictions for a felony drug offense, his claim is still without merit and he is due no relief. Section 2255, as the Eleventh Circuit has noted, "does not provide a remedy for every alleged error in conviction and sentencing." *Spencer*, 773 F.3d at 1138. Indeed, a district court lacks authority to review alleged errors, unless the claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). This standard was subsequently refined in *United States v. Addonizio*, where the Supreme Court ruled that a "lawful" sentence did not result in a "complete miscarriage of justice." 442 U.S. 178, 186-87 (1979). A lawful sentence is one that does not exceed the statutory maximum sentence. *Spencer*, 773 F.3d at 1144; *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (noting that an unlawful sentence is one imposed without, or in excess of, statutory authority).

In this case, the Life sentence that the Court imposed upon Stutson is a lawful sentence. Because of the quantity of drugs attributable to him, Stutson was sentenced under 21 U.S.C. § 841(b)(1)(A). That statute essentially provides a

three-tiered range of punishment: if a defendant has no prior felony drug convictions, he faces a sentence of not less than 10 years or more than Life; with one prior felony drug conviction, his range increases to 20 years to Life; and with two or more prior felony drug convictions, he receives a mandatory term of Life. Because Stutson had incurred what were then three prior convictions for a felony drug offense, he was in the third tier—requiring the Court to impose a Life sentence. Granted, the offenses underpinning two of those convictions are no longer considered felonies following the Proposition 47 reclassification. But, even if one assumes these convictions may not be used now to enhance Stutson's punishment, it is of no consequence; the statutory maximum he faced at the time was Life, regardless of enhancement. If Stutson were to be re-sentenced today, this Court would consider the reclassified convictions, along with Stutson's lengthy criminal history (Category VI), and impose the same sentence. *See Spencer*, 773 F.3d at 1140. Because Stutson's Life sentence is entirely lawful, there has been no "complete miscarriage of justice," and he is due no relief.

### III. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied. Additionally, the Court declines to issue a certificate of appealability. This Court may issue a certificate of appealability "only if the applicant has a made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Stutson's claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Stutson's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON OCTOBER 13, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704